UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK GEORGE,<br><br>                      Plaintiff,<br><br>v.<br><br>SAN DIEGO CITY EMPLOYEES'<br>RETIREMENT SYSTEM,<br><br>                      Defendants. | Case No.: 17-CV-1165-CAB-AGS<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS, DENYING REQUEST FOR APPOINTMENT OF COUNSEL AND DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED** |

This matter is before the Court on Plaintiff's application for leave to proceed *in forma pauperis* ("IFP") [Doc. No. 2] and his request for appointment of counsel [Doc. No. 3]. As discussed below, the application to proceed IFP is granted, the request to proceed IFP is denied, and the complaint is dismissed for failure to state a claim upon which relief can be granted.

**Motion to Proceed In Forum Pauperis**

Pursuant to 28 U.S.C. § 1915(a), a court may authorize the commencement of a suit without prepayment of fees if the plaintiff submits an affidavit, including a statement of all his or her assets, showing that he or she is unable to pay filing fees. Plaintiff has submitted an affidavit that sufficiently shows he lacks the financial resources to pay filing fees. *See*

1

S.D. Cal. CivLR 3.2(d). Accordingly, the Court hereby **GRANTS** Plaintiff's Motion to Proceed *In Forma Pauperis*.

### *Sua Sponte* Screening per 28 U.S.C. § 1915(e)(2)

A complaint filed by any person proceeding *in forma pauperis* pursuant to 28 U.S.C. §1915(a) is subject to mandatory and *sua sponte* review and dismissal by the court to the extent it is "frivolous, malicious, failing to state a claim upon which relief can be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ([T]he provisions of 28 U.S.C. § 1915(e)(2)(b) are not limited to prisoners."); *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); see also *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (analogizing § 1915(e)(2) to Rule 12(b)(6) for purposes of determining if the district court's *sua sponte* dismissal of an IFP complaint for failure to state a claim was subject to de novo review on appeal.)

Plaintiff's complaint consists of a one sentence allegation that "Defendant San Diego Employees' Retirement System violated the Americans With Disabilities Act [ADA] when it denied Plaintiff's application for disability retirement from the City of San Diego Fire Rescue Department, knowing that Plaintiff properly qualified for disability retirement, having been found unable to perform the duties of his position by reason of becoming permanently incapacitated due to injuries suffered in the line of duty." This statement is replete with legal conclusions but lacks factual allegations which, if accepted as true, state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Moreover, to the extent Plaintiff alleges he is totally disabled or a former employee, he cannot sue under Title I of the ADA. *See Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1112 (9th Cir. 2000) ("[S]omeone who is totally disabled cannot sue under Title I's unambiguous provisions. . . . Title I also unambiguously excludes former employees."). To the extent Plaintiff is contesting a finding that is not entitled to disability benefits because he is not

disabled, it is unclear how such a finding would constitute a denial of benefits "by reason of the plaintiff's disability" as would be required to state a claim under Title II of the ADA. *See Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *see also Zimmerman v. Or. Dep't of Justice*, 170 F.3d 1169, 1178 (9th Cir. 1999) (holding that ADA claims concerning employment discrimination may not be asserted under Title II, which covers government entities). Finally, to the extent Plaintiff is suing Defendant in its capacity as administrator of Plaintiff's former employer's disability insurance policy, it is not a proper defendant in a lawsuit under Title III of the ADA. *See Weyer*, 198 F.3d at 1113-14.

In light of the foregoing, the Court **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

**Motion to Appoint Counsel**

Plaintiff has filed a Motion to Appoint Counsel. In light of the Court's decision to *sua sponte* dismiss the Complaint, Plaintiff's request for appointment of counsel is **DENIED without prejudice**.

**Conclusion**

For the reasons discussed above, the Court:

1. **GRANTS** Plaintiff's application to proceed IFP. [Doc No. 2.]
2. **DENIES** without prejudice Plaintiff's request for appointment of counsel. [Doc. No. 3.]
3. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).
4. **GRANTS** Plaintiff leave to file an amended complaint on or before **July 27, 2017**. Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'"); *Rasidescu v. Midland Credit Mgmt., Inc.*, 435 F. Supp. 2d 1090,

1099 (S.D. Cal. 2006) ("Claims in the original complaint which are not realleged in the amended complaint are no longer before the court and are deemed waived.").

It is **SO ORDERED.**

Dated: June 12, 2017

Hon. Cathy Ann Bencivengo
United States District Judge